U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAY 18 PM 2: 11

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

BRUCE R. MARSHALL
and JEANINE WEIR,

    Plaintiffs,

    v.                                                                Case No. 5:19-cv-246

NATIONAL BANK OF
MIDDLEBURY,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFFS' MOTION FOR CLARIFICATION, AND GRANTING DEFENDANT'S MOTION TO DISMISS
(Docs. 36, 56, 57)

In 2019, Plaintiffs Bruce R. Marshall and Jeanine Weir filed suit against Defendant National Bank of Middlebury ("NBM") alleging that NBM is liable to them for losses they sustained after Plaintiff Marshall invested a substantial sum with an NBM customer. On December 3, 2021, Magistrate Judge Kevin Doyle issued a Report and Recommendation ("R & R") (Doc. 56) in which he recommended the court grant NBM's motion to dismiss and to dismiss the case with prejudice. Although Plaintiffs requested and received two extensions of time to object to the R & R, neither party has filed an objection, and the deadline for doing so has expired. After careful review of the file and the R & R, this court ADOPTS the recommendations in full for the reasons stated in the R & R. Plaintiffs' motion for clarification (Doc. 57) is GRANTED, as explained below, NBM's motion to dismiss (Doc. 36) is GRANTED, and this case is DISMISSED.

## Procedural Background

Plaintiffs allege that NBM is liable to them for losses they sustained after Plaintiff Marshall invested approximately $200,000 in savings with Larry and Karen Bassett.[1] Before the court is Plaintiffs' Third Amended Complaint. (Doc. 30.) They describe a Ponzi scheme in which Larry Bassett accepted over a million dollars from friends and relations and lost it all through day-trading. Plaintiffs allege that NBM overlooked "alarm bells" and "red flags" concerning the Bassetts' use of their NBM accounts. (*Id.* at 25, ¶ 50.) They seek to recover their losses and other damages in the amount of $9,000,000 from the bank. (*Id.* at 187, ¶ 5.)

In September 2020, Plaintiffs filed a motion to amend together with a Second Amended Complaint against NBM. (Docs. 27, 28.) The court granted the motion to amend on September 8 and, the same day, Plaintiffs filed their Third Amended Complaint and a "Notice of Fraud Upon the Court by Defendant National Bank of Middlebury." (Doc. 31.) This pleading repeated the allegations about the alleged Ponzi scheme and alleged that NBM overlooked "red flags" raised by transactions in the Bassetts' checking accounts at NBM. (*Id.* at 4, ¶ 5.) Plaintiffs described this behavior as "money laundering." (*Id.*) Plaintiffs highlighted refinancings of home equity loans extended to the Bassetts by NBM, attaching land records showing mortgages and discharges between 2001 and 2009 recorded by various lenders, including NBM. They contended that the bank's attorney was incorrect when he stated in NBM's first motion to dismiss that NBM "'never participated in the refinancing of a Bassett mortgage.'" (*Id.* at 6, ¶ 2 (quoting Doc. 14 at 1, n.1).)

---

[1] Before bringing this suit, Plaintiffs filed a separate action in this court against the Bassetts directly. *See Marshall v. Bassett*, No. 5:18-cv-196 (D. Vt. Nov. 19, 2018). That action is stayed due to the Bassetts' bankruptcy filing in the Eastern District of Texas. *Id.*, Doc. 26 (D. Vt. Feb. 21, 2019).

2

On September 21, 2020, NBM filed a response to the "Notice of Fraud." The bank indicated that its records of loans fully satisfied and discharged did not go back as far as the last NBM loan to the Bassetts which was fully satisfied and discharged in 2008. (*See* Doc. 35.) NBM agreed that it made loans to the Bassetts prior to 2008. On September 25, NBM filed its Motion to Dismiss the Third Amended Complaint. (Doc. 36.) On November 17, the Plaintiffs filed a motion for extension and request that the court respond to the "Notice of Fraud on the Court" before addressing NBM's motion to dismiss. In their motion, Plaintiffs revisited the conduct of the Bassetts and highlighted the statement by the bank's attorney that NBM had not refinanced the Bassetts' mortgage as a fraud on the court, including a broad discussion of money laundering. (*See* Doc. 41.)

On November 30, 2020, the court issued an Order denying the Notice of Fraud, as well as other pending motions, and granting Plaintiffs a final extension until January 8, 2021, to respond to the motion to dismiss. The court explained:

> That NBM's attorney made an inaccurate statement that NBM had not lent money to the Bassetts is irrelevant to Plaintiffs' burden in responding to the motion to dismiss. That statement was made in 2020 in a court filing, years after the Plaintiffs learned of the Bassetts' alleged Ponzi scheme. It is a red herring which sheds no light on what NBM knew about the Bassetts' conduct during the years that Plaintiff Marshall invested money with Larry Bassett. NBM's attorney has explained the reason for his error. The loans in question were paid off in 2008—six years before Mr. Marshall's decision to invest money with Mr. Bassett commencing in 2014. Plaintiffs are free to explain the relevance of the loans to their claim that the bank was complicit in Mr. Bassett's fraud, but arguments concerning the relevance of the loans must be made in a response to the motion to dismiss, not in an entirely new pleading.

(Doc. 46 at 5.)

On December 9, 2020, Plaintiffs filed a motion for reconsideration of the court's Order denying their Notice of Fraud which NBM opposed. (Docs. 47, 48.) Plaintiffs timely responded to the motion to dismiss on January 8, 2021, and filed an amended opposition on January 11.

3

(Docs. 49, 50.) NBM replied on January 22, 2021. (Doc. 52.) In May 2021, both NBM's fully briefed motion to dismiss the Third Amended Complaint and Plaintiff's motion for reconsideration were referred to the Magistrate Judge. (Doc. 54.)

On November 23, 2021, the undersigned issued an Order denying the motion for reconsideration, determining that Plaintiffs had not met their heavy burden to justify reconsideration of the November 2020 Order because, among other reasons, the motion did not request that the court alter its decision. (Doc. 55.) I noted that, "[c]onsistent with Plaintiffs' request that the Court address the arguments in their Motion for Reconsideration in the context of NBM's Motion to Dismiss, the Court does not consider Plaintiffs' arguments in resolving this Motion to Reconsider. The Court will fully consider the Motion to Dismiss and Plaintiffs' response in due course." (*Id.* at 3–4.)

On December 3, 2021, Magistrate Judge Doyle issued his R & R recommending that the court grant in its entirety NBM's motion to dismiss the Third Amended Complaint and to dismiss the case. On December 17, 2021, Plaintiffs moved for an extension of time to object to the R & R as well as for "clarification" regarding the undersigned's issuance of the Order denying the motion to reconsider notwithstanding the Order of Referral to the Magistrate Judge. (Doc. 57.) On December 20, the court granted the motion for extension, allowing until February 22, 2022, for Plaintiffs to object, and subsequently granted a second motion for extension to April 25, 2022. (Docs. 58, 59, 61.) To date, no objection has been filed.

## ANALYSIS

### I.   Motion for Clarification

Plaintiff's motion for clarification (Doc. 57) is GRANTED. Plaintiffs move for "clarification" regarding the undersigned's issuance of the Order denying the motion to

4

reconsider notwithstanding the Order of Referral to the Magistrate Judge. NBM has not responded to the motion. The court is cognizant that it may have caused some confusion in ruling directly on Plaintiffs' motion for reconsideration without the benefit of a Report and Recommendation from the Magistrate Judge. As Plaintiffs point out, the motion had been referred to Magistrate Judge Doyle. (Doc. 57 at 3.) However, Plaintiffs' assertion that the court's Order is somehow "improper" in the absence of an R & R is misplaced. Plaintiffs provide no support for the proposition that the court must review an R & R before ruling on a motion. Indeed, as the Supreme Court has noted a "district court [is] free to do as it sees fit with the magistrate judge's recommendations" in cases of nonconsensual referral under 28 U.S.C. § 636(b)(1). *Roell v. Withrow*, 538 U.S. 580, 585 (2003). This is because the "entire process takes place under the district court's total control and jurisdiction and the [district] judge exercises the ultimate authority to issue an appropriate order." *Thomas v. Arn*, 474 U.S. 140, 153 (1985) (cleaned up). The request for reconsideration was of an Order by the undersigned and, as the District Court Judge is vested with the final authority to decide any motion referred to a magistrate under § 636(b)(1), the undersigned ruled on the motion directly.

## II.     Review of the Report and Recommendation

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). Even in the absence of an objection, the district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. Despite multiple extensions, no objection to the R & R has been filed.

Plaintiffs appear before the court as self-represented litigants. Plaintiffs, thus, are "entitled to a liberal construction of [their] pleadings, which should be read to raise the strongest arguments that they suggest." *Diaz v. United States*, 633 F. App'x 551, 555 (2d Cir. 2015) (internal quotation marks omitted).

The court accepts and adopts the Magistrate Judge's recommendations. After thoroughly reviewing the relevant facts as alleged in the 188-page Third Amended Complaint, the 38-page December 3, 2021 R & R concludes that Plaintiffs failed to state a claim on which relief can be granted and that NBM's motion to dismiss the Complaint should be granted. Specifically, the Magistrate Judge concluded Plaintiffs failed to state a claim of aiding and abetting fraud because they did not plead with particularity either that NBM had actual knowledge of the Bassetts' alleged fraudulent activity or that NBM substantially assisted in that activity as required to state a claim for aiding and abetting. He noted that a "financial institution does not substantially assist the perpetration of a fraud simply by providing banking services." (Doc. 56 at 20.)

The Magistrate Judge also concluded that Plaintiffs failed to state a claim for aiding and abetting money laundering because there is no private right of action for such a claim and therefore the claim fails as a matter of law. For the same reason, any claim of wire fraud or mail fraud would also fail. Further, he concluded Plaintiffs failed to allege a claim for aiding and abetting intentional infliction of emotional distress ("IIED") because the Third Amended Complaint does not actually allege an IIED claim against the Bassetts themselves nor does the conduct alleged rise to the level of outrageousness required to support an IIED claim under Vermont law. The Magistrate Judge concluded Plaintiffs failed to allege a claim of aiding and abetting breach of either fiduciary duty or the covenant of good faith and fair dealing because the Complaint does not support a plausible inference that NBM knowingly participated with Larry

6

Bassett in the breach of any fiduciary duty owed to Plaintiffs and because there is no cause of action for aiding and abetting a breach of contract under which the covenant of good faith and fair dealing is implied. The Magistrate Judge also concluded that to the extent Plaintiffs sought to allege a claim for unjust enrichment, the claim fails because NBM's routine business with the Bassetts by itself cannot form the basis of an unjust-enrichment claim.

Finally, the Magistrate Judge concluded Plaintiffs failed to state a claim under either the Bank Secrecy Act, 31 U.S.C. § 5311 *et seq.*, or § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b). Because there is no private right of action under the Bank Secrecy Act or for aiding and abetting securities fraud under § 10(b), Plaintiffs fail to allege a claim as a matter of law. To the extent that Plaintiffs' Complaint could be construed to be asserting a claim of negligence under Vermont law, the Magistrate Judge concluded that because NBM did not owe a duty to Plaintiffs to detect and thwart the Bassetts' fraud, they could not allege a negligence claim as a matter of law.

## CONCLUSION

After careful review of the file and the Report and Recommendation, this court ADOPTS Magistrate Judge Doyle's recommendations (Doc. 56). NBM's Motion to Dismiss (Doc. 36) is GRANTED and Plaintiffs' Third Amended Complaint (Doc. 30) is DISMISSED. Plaintiffs' motion for clarification (Doc. 57) is GRANTED. This case is DISMISSED.

As Plaintiffs have indicated a desire to appeal, they are reminded that a Notice of Appeal must be filed with the District Court Clerk, together with the required appellate docket fee, within thirty days after entry of the Judgment in this case. For further explanation of the requirements of the contents of the notice, Plaintiffs are referred to Federal Rule of Appellate

Procedure 3, a copy of which the Clerk's office is respectfully requested to include with the mailing of this Order.

    SO ORDERED.

    Dated at Burlington, in the District of Vermont, this 18th day of May 2022.

                                          Geoffrey W. Crawford, Chief Judge
                                          United States District Court